FREDERICK C. SCHNEIDER, RELATOR, v. ASHER ATKINSON, RESPONDENT.

Argued November 10, 1913—Decided November 5, 1914.

1. By the provisions of "An act concerning the term of office of certain officers in cities of the second class of this state" (*Pamph. L.* 1904, *p.* 151), the term of office of the city surveyor of New Brunswick is three years, whether the appointee to that office be appointed at the end of the term of his predecessor, or to fill a vacancy.

2. The title of the act of 1904 (*Pamph. L., p.* 151) sufficiently expresses the object thereof, and the act is not unconstitutional for lack of such expression.

3. The charter provision of the city of New Brunswick which requires all ordinances involving an expenditure of money to be published between the second and third readings, does not apply to an ordinance which merely fixes the term of office of the city surveyor of that city.

4. Where two persons each claim to be entitled to hold the same office, and each of them assumes to perform certain of the duties thereof, to the exclusion of the other, an information in the nature of a *quo warranto* is the proper process to test such claim.

On *quo warranto.*

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KALISCH.

For the relator, *Theodore Strong.*

For the defendant, *George S. Silzer.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The relator filed an information in the nature of a *quo warranto,* setting out that he was legally entitled to the office of city surveyor of the city of New Brunswick; that the respondent had wrongfully usurped and intruded into that office; and that he was then in possession thereof. To this information the respondent pleaded, denying that the relator was legally entitled to the office, asserting his own title thereto, and controverting the averment that he had ousted the relator therefrom. The relator, having filed a general replication to respondent's plea, the case went to trial on the issues made by the pleadings, and the jury rendered a special verdict finding the following facts:

That on December 9th, 1907, an ordinance was passed fixing the term of city surveyor at three years, the ordinance to take effect on January 1st, 1908. This ordinance was passed on first, second and third readings on December 9th, 1907, and after such passage was duly published according to law and the requirements of the charter and ordinances of the city of New Brunswick, but was not published between the second and third readings aforesaid.

That on January 1st, 1908, Frederick C. Schneider was elected city surveyor for three years, from January 1st, 1908. He subscribed to an oath on January 4th, 1908, for the term of three years, and continued to act as such until January 8th, 1912.

That on January 1st, 1912, common council adjourned to January 8th, 1912, and on January 8th, 1912, a motion was made and passed declaring the office of city surveyor vacant. Frederick C. Schneider was thereupon elected city surveyor for the term prescribed by law. He filed his oath of office on January 9th, 1912.

That on January 1st, 1913, common council passed a motion declaring the office of city surveyor vacant, and thereupon elected Asher Atkinson city surveyor for the term prescribed by law. That on January 3d, 1913, Atkinson subscribed to the required oath for the term prescribed by law.

That the said Asher Atkinson, after his election on January 1st, 1913, to wit, on January 3d, 1913, called on Frederick C. Schneider and demanded all records, maps, instruments and surveys belonging to the city of New Brunswick, and also the possession of the office of city surveyor, which rent of said office was being paid by the mayor and common council of the city of New Brunswick. That Schneider refused to deliver to Atkinson either possession of the office or the books, maps, instruments and surveys connected therewith.

That said Frederick C. Schneider retains possession of the books, maps, surveys and instruments of the city of New Brunswick and also the said office, and refuses to give them up on the advice of counsel, insisting that he is the city surveyor of the city of New Brunswick.

That after January 3d, 1913, Atkinson was obliged to rent, at his own expense, an office in another building, in order that he might carry on the office of city surveyor.

That on January 1st, 1913, and thereafter, to wit, up to February 8th, 1913, the said Frederick C. Schneider continued to supervise the construction of sewers on Baldwin and French streets, and had then and there in his employ men

acting as inspectors, inspection being one of the duties imposed on city surveyor by city ordinance.

That, by order of the building committee of common council of the city of New Brunswick, on the night of January 4th, 1913, the telephone was removed from the office of the city surveyor and a quantity of stationery, and said telephone has since been in the office of Asher Atkinson, who has, since his said election, acted as city surveyor, except as interfered with as set forth in the above findings, having opened another office with a new set of books.

The question now presented for determination is whether the relator, or the respondent, is entitled to judgment on this special verdict.

In 1904, the legislature passed an act entitled "An act concerning the term of office of certain officers in cities of the second class of this state." *Pamph. L., p.* 151. This act provides that any collector of taxes, city treasurer, clerk, city attorney, physician, street commissioner, surveyor or overseer of the poor, thereafter appointed in cities of the second class prior to the 1st day of January, 1905, should hold office only until that date, and that thereafter it should be lawful for the common council, or other governing body of any such city, to make appointment to any or all of such offices for a term of three years; that such term of office should commence the 1st day of January last preceding, or next succeeding, the fixing thereof, as the said common council or other governing body might by vote direct; with a proviso that no such term should commence earlier than the 1st day of January, 1905; that when such term should have been fixed the incumbents, or persons thereafter chosen for any of said offices, should hold office until the expiration of the term so fixed; and that their successors, when chosen, should hold office for a like term of years. The ordinance referred to in the special verdict fixing the term of city surveyor at three years was justified by this statute. It is alleged, however, by counsel for the respondent, that it is void because, as was found by the jury, it was not duly published between the second and third readings. The argument is that under the charter of the city of New Bruns-

wick all ordinances involving an expenditure of money shall be so published, and it is alleged that this is such an ordinance. The difficulty with respondent's contention is that it rests upon an alleged fact not found by the jury, for all that they have declared by their finding is that the ordinance fixes the term of city surveyor of New Brunswick at three years. Certainly, an ordinance which does merely that involves no expenditure of money, and, therefore, requires no publication between second and third readings.

The respondent also contends that the act of 1904, under authority of which the ordinance was passed, is unconstitutional, because the purpose exploited in the body thereof is not expressed in its title. He contents himself with making the assertion, and submits no argument in support of it. We think it is without merit. The body of the act deals with the term of office of certain specified officers in cities of the second class, and the title of the act is reasonably expressive of this purpose.

The act of 1904 being constitutional, and the ordinance passed pursuant to the authority conferred by it having been validly adopted, we think it plain that Schneider is entitled to the office. The statute requires that each appointee shall hold the office to which he is appointed for a definite time, to be fixed by common council, and that without regard to the conditions under which he is appointed. The term of office of city surveyor having been legally fixed at three years, and Schneider having thereafter been appointed city surveyor on January 1st, 1908, for that term, he was entitled by virtue of that appointment to hold until the 1st of January, 1911. He held over for a year after the expiration of that term, apparently by acquiescence of common council. The declaration of council at the end of that period, January 8th, 1912, that the office of city surveyor was vacant, was justified by the fact. Having thereupon re-elected Schneider for the term prescribed by law, he became legally entitled to hold the office for a new term, to run for three years, from the 1st of January, 1912, as his own successor, for the act of 1904 provides that after the term has been fixed, the persons chosen to fill the

offices specified in the statute shall hold office until the expiration of the term so fixed, "and their successors, when chosen, shall hold office for a like term of years." This being so, the declaration of common council, on the 1st day of January, 1913, that the office of city surveyor was vacant, was contrary to the fact, the term of Schneider then having still two years to run; and the election of Atkinson to that office was, therefore, a nullity.

It is argued by counsel for the respondent that the relator is not entitled to prosecute this action because, on the findings of the jury set out in their special verdict, he, and not the respondent, was in possession of the office of city surveyor at the time the information was filed. But this is not an accurate statement of the fact. The special verdict shows that the relator retains possession of the papers belonging to his office, and also of the room provided by the city for the use of the city surveyor, and that he is doing some of the work connected with that office. It further shows that the respondent has, since his election, acted as city surveyor, except as interfered with by the relator, as set forth in its findings. The situation is quite similar to that which was exhibited in the case of *State* v. *Rogers,* 56 *N. J. L.* 480. The question there presented was whether Robert Adrain, who claimed to be the president of the senate, and certain other members of that body who claimed to be the senate of New Jersey, and assumed to act as such, or Morris A. Rogers, who also claimed to be the president of the senate, and certain other senators who acted with him, and assumed to be the legal senate, were, in law, such body. It was held that where there are two bodies, each claiming to be the true senate, an information in the nature of a *quo warranto* is the proper process whereby to test such claims. The reasoning of Chief Justice Beasley, in the opinion in that case, shows that the remedy by *quo warranto* is equally appropriate in the present case.

The relator is entitled to enter judgment upon the special verdict.